UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**ELIZABETH DAUGHERTY,**

                        **Plaintiff,**

            v.                                                     7:13-CV-491
                                                                        (FJS/ATB)

**JEFFERSON COUNTY; JEFFERSON COUNTY
DEPARTMENT OF SOCIAL SERVICES; LAURA CEROW,**
as Commissioner of the Jefferson County Department of Social
Services; and **VALERIE M. BORLAND,** as Director of the
Jefferson County Department of Human Resources,

                        **Defendants.**

_____

**APPEARANCES**                                     **OF COUNSEL**

**OFFICE OF ROBERT P. BOGDAN**           **ROBERT P. BOGDAN, ESQ.**
P.O. Box 286
214 General Smith Drive
Sackets Harbor, New York 13685
Attorneys for Plaintiff

**JEFFERSON COUNTY ATTORNEY**            **DAVID J. PAULSEN, ESQ.**
Jefferson County Office Building
175 Arsenal Street
Watertown, New York 13601
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Elizabeth Daugherty brings this action under the Family Medical Leave Act ("FMLA"), alleging that Defendants interfered with her right to take reasonable leave as required by the FMLA when they failed to return her to the same or an equivalent position within the Department of Social Services upon her return from approved leave on May 16, 2011. *See* Dkt. No. 1, Complaint at ¶¶ 27, 39. She seeks compensatory damages in the form of lost wages, salary, employment benefits and other compensation denied or lost by reason of the alleged violation, as well as interest, liquidated damages, and such equitable relief as may be appropriate, including reinstatement to the employment position that Plaintiff held at the time of her FMLA leave, attorney's fees, and such other and further relief as the Court deems appropriate. *See id.* at 8.

## II. BACKGROUND

Plaintiff was employed by Defendant Jefferson County for approximately 13.5 years as a caseworker in the Child Protective Services ("CPS") unit, a Grade 17 position in the Defendant County's Department of Social Services. *See* Complaint at ¶ 17.

Plaintiff alleges that on or about February 10, 2011, she notified her supervisors that she was to have surgery. *See id.* at ¶ 18. Defendant Cerow approved Plaintiff for FMLA leave for surgery. *See id.* at ¶ 19 (citing Dkt. No. 1-2, FMLA: Notice of Eligibility and Rights and Responsibilities ("FMLA Notice")). Plaintiff alleges that she was absent from work for approximately twelve weeks, during which time she stayed home to care for her illness. *See id.* at ¶ 20.

Plaintiff provided Defendant Department with a notification of her need to remain home on medical leave, signed by her healthcare provider, which was dated March 14, 2011. *See* Dkt. No. 1-5, Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act). This document listed the dates "2/28/11 – 6/28/11" as Plaintiff's "Probable duration of condition," "Temporary Total Disability," and the period during which her health care provider estimated that she would be incapacitated. *See id.* at ¶¶ 1, 3, and 5.

Defendant Cerow sent Plaintiff a letter on May 9, 2011, informing Plaintiff that, due to Defendant Cerow's determination that Defendant Department could not leave CPS with a vacancy for the length of Plaintiff's estimated recovery, she had decided to move Plaintiff to the Ongoing Children's Services ("OCS") unit and had moved another existing Caseworker into Plaintiff's former CPS position. *See* Dkt. No. 1-3, May 9, 2011 Letter.

Plaintiff alleges that the position to which Defendant Cerow transferred her was a Grade 16 position according to Article II, Appendix A of the parties' Collective Bargaining Agreement. *See* Complaint at ¶ 23 (citing Dkt. No. 1-4, Agreement Between the Board of Legislators . . . And the Jefferson Local . . . ("Collective Bargaining Agreement")). Plaintiff alleges that the starting salary for the Grade 16 position is $17.35 per hour, whereas the starting salary for the Grade 17 position is $18.10 per hour. *See id.* at ¶ 25.

Plaintiff alleges that she returned to work "as soon as her medical condition improved," on May 16, 2011. *See id.* at ¶¶ 22, 33.

On or about May 16, 2011, Plaintiff submitted to her union shop steward a grievance arising from her transfer to the OCS position and asking that she be returned to her old CPS caseworker position or that she receive CPS caseworker pay in her new position. *See* Dkt. No. 4-1, Ex. A, Grievance Form.

Defendant Cerow denied Plaintiff's grievance on May 18, 2011, "based on the need to adequately staff the Child Protective Unit." *See* Dkt. No. 4-1, Ex. C, May 18, 2011 Letter. Defendant Cerow also stated, "I had no knowledge that the employee would be returning to work in the near future." *See id.*

Defendant Borland denied Plaintiff's grievance on June 9, 2011, stating, "It is my understanding the employee was on a leave of absence under FMLA and was scheduled to return on or about June 28, 2011. It is also my understanding that the CPS unit has minimum staffing requirements." *See* Dkt. No. 4-1, Ex. C, June 9, 2011 Letter. Defendant Borland further explained,

> The civil service classification for Caseworker is the same for both positions. The CPS refers to Caseworkers assigned to Child Protection and due to the nature of the assignment they receive a slightly higher salary per the CSEA contract. An employee is not required to take a promotion exam to hold the CPS position; it is simply a job assignment. Under Civil Service Law assignment from a Caseworker CPS to a Caseworker would not be deemed a demotion because a promotion was never given.

*See id.*

The parties then entered into arbitration, at the conclusion of which the parties submitted lengthy briefs describing the testimony given by both sides' witnesses during the arbitration hearing and the documents entered in evidence. *See* Dkt. No. 4-3, Ex. H, Employer's Closing Brief; Grievant's Closing Brief. At the conclusion of this arbitration, the arbitrator concluded, based upon the testimony of witnesses including Plaintiff, Defendant Cerow, and Defendant Borland, as well as documentary evidence, that Plaintiff's transfer from CPS to OCS was neither a promotion nor a demotion. *See* Dkt. No. 4-3, Ex. I, Arbitration Award at 4-5. The arbitrator also declined to find that the transfer was disciplinary in nature, but instead credited Defendant

Cerow's testimony that her decision was motivated by her judgment as to the best interests of her department. *See id.* at 5. Finally, the arbitrator found that Plaintiff's employer "acted in accordance with the collective bargaining agreement and past practice" and accordingly denied Plaintiff's grievance. *See id.* This action followed.

Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a cause of action, or, in the alternative, for summary judgment dismissing Plaintiff's complaint in its entirety. *See* Dkt. No. 4, Notice of Motion at 1-2.

## III. DISCUSSION

**A.     Standard of review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view the evidence in the record and draw all reasonable inferences in the light most favorable to the non-moving party. *See Consol. Risk Servs., Inc. v. Auto. Dealers WC Self Ins. Trust*, No. 1:06–CV–871, 2010 WL 2735701, *3 (N.D.N.Y. July 9, 2010) (citation omitted).

Summary judgment is appropriate if the party that bears the burden of proof at trial fails to establish an essential element of its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Thus, "[c]onclusory allegations, conjecture and speculation . . . are insufficient

5

to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir.1998) (citation omitted).

B.      **Plaintiff's cause of action under the Family Medical Leave Act**

The elements of an FMLA interference claim require Plaintiff to show that (1) she was an eligible FMLA employee, (2) Defendants were a covered employer, (3) she was entitled to FMLA leave, (4) she gave notice of her intention to take FMLA leave, and (5) Defendants denied Plaintiff the FMLA benefits to which she was entitled. *See Wysong v. Dow Chem. Co.,* 503 F.3d 441, 447 (6th Cir. 2007). In this case, there is no dispute as to the first, second, third, and fourth elements, leaving only the fifth element for the Court's consideration. Here, Plaintiff alleges that Defendants violated the reinstatement requirement when they "failed to return . . . Plaintiff to the same or equivalent position within" Defendant Department. *See* Complaint at ¶ 39.

### *1. Res judicata and collateral estoppel*

Defendants argue that the doctrines of res judicata and collateral estoppel prohibit Plaintiff from litigating her cause of action because the arbitrator has already ruled upon this issue. *See* Dkt. No. 4-4, Memorandum of Law in Support of Defendants' Motion for Dismissal or Alternatively for Summary Judgment ("Motion Memo.") at 9-12.

Res judicata and collateral estoppel apply to issues resolved by arbitration "'where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award.'" *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267-68 (2d Cir. 1997) (quoting *Hilowitz*, 444 N.Y.S.2d at 949). In order to prove that a claim is precluded under the doctrine of res judicata, a defendant must show that "'(1) the previous action involved an adjudication on the

merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (quoting *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1990)). Similarly, in order to invoke collateral estoppel, a defendant must establish (1) "'an identity of issue which has necessarily been decided in the prior action and is decisive of the present action,'" and (2) "'there must have been a full and fair opportunity to contest the decision now said to be controlling.'" *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994) (quoting *Schwartz v. Public Administration*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (1969)).

The third element of res judicata and the first element of collateral estoppel require that the decision by the arbitrator have addressed the same exact issue now before this Court. The parties defined the issue before the arbitrator as follows:

> "Did Jefferson County violate Articles II, III, V, XI, and XIII and all other Articles of the Negotiated Agreement Between Jefferson County and the Jefferson Local of the CSEA Inc., January 1 – December 31, 2010 when it demoted the [sic] Elizabeth Daugherty, hereafter called the grievant, from a Grade XVII Caseworker (Child Protective Unit) to Grade XVI Caseworker Position on or about May 16, 2011, while the grievant was on approved Family Medical Act leave. If yes what shall the remedy be?"

*See* Arbitration Award at 1. The arbitrator specifically disclaimed any consideration of the FMLA, stating, "The arguments with respect to the [FMLA] leave status are completely irrelevant to this decision. . . . [T]his forum has no jurisdiction to determine whether these actions violated the [FMLA]." *See id.* at 4. The arbitrator found that Plaintiff received "a lower rate of pay" upon her return from leave, although her "Civil Service classification remained the

7

same[.]" *See id.* at 1-2. He found that, within the meaning of Plaintiff's collective bargaining agreement, Plaintiff's transfer to her new OCS position was not a "demotion," that it was not "disciplinary," and that it was made in accordance with the collective bargaining agreement and past practice. *See id.* at 4-5.

Plaintiff's claim before this Court, that her new OCS position offered less pay than her former CPS position in violation of the FMLA, is a separate issue from that which the arbitrator decided. The FMLA requires that an employee returning from FMLA leave "be restored . . . to the position of employment held by the employee when the leave commenced; or . . . be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). Whether or not Plaintiff's reduction in pay was a demotion, disciplinary, or a violation of Plaintiff's collective bargaining agreement is irrelevant to the determination of whether Defendants violated Plaintiff's rights to equivalent benefits under the FMLA. Therefore, there is a triable issue of fact as to whether her position upon return from leave, which conferred upon her different responsibilities and lower benefits, albeit allegedly within the same civil service classification, constituted a change in her employment status in violation of the FMLA. *See* 29 U.S.C. § 2614(a)(1).

Accordingly, this Court denies Defendants' motion for summary judgment with regard to Plaintiff's cause of action.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

8

**ORDERS** that Defendants' motion to dismiss or, in the alternative, for summary judgment, *see* Dkt. No. 4, is **DENIED**; and the Court further

**ORDERS** that **trial** counsel shall participate in a telephone conference with the Court on August 18, 2015, at 10:00 a.m. to schedule a trial of this matter. The Court will provide counsel with the dial-in instructions prior to the conference.

**IT IS SO ORDERED**

Dated: August 6, 2015
       Syracuse, New York

                          Frederick J. Scullin, Jr.
                          Senior United States District Judge